HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

DAVID A. WARRINGTON*
dwarrington@dhillonlaw.com
GARY M. LAWKOWSKI*
glawkowski@dhillonlaw.com
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
Telephone: (703) 574-1206

*Admission *Pro Hac Vice* forthcoming
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** a non-profit corporation; and Ronald Givens, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**ROBERT BONTA**, in his official capacity as Attorney General of the State of California, and DOES 1-25, inclusive,<br><br>Defendants. | Case Number: _____<br><br>CLASS ACTION<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMANDED |



**CLASS ACTION COMPLAINT**                                                                 No: _____

Plaintiffs National Association for Gun Rights, Inc. ("NAGR") Ronald Givens (jointly, "Plaintiffs"), through their counsel, bring this action against Defendant Robert Bonta, in his official capacity as Attorney General of the State of California. In support of these requests, Plaintiffs state as follows:

## INTRODUCTION

1. On June 27, 2022, Defendant Bonta wrongfully released the sensitive private information, including names, addresses, and dates of birth, of nearly six hundred thousand Californians who are gun owners, concealed carry permit holders, and others whose information was in California's possession because of its firearms laws and regulations.  This unlawful release of Californians' sensitive private information to the public in violation of California and federal law provides criminals with a road map of who owns a firearm and where those firearms may be located, and information from which those same criminals can infer which homes are not likely defended by armed homeowners. Considering the contentious issue of gun ownership, it also needlessly subjects lawful gun owners to harassment and discrimination.

California's wrongful disclosure of this sensitive private information has caused great harm and placed the safety of hundreds of thousands of Californians at risk and is precisely why the state should not keep such information on law abiding gun owners. Further, the possession of this information is an infringement on the right to keep and bear arms as protected by the Second and Fourteenth Amendments to the United States Constitution and is unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- S. Ct. ----, No. 20-843, 2022 WL 2251305 (June 23, 2022).

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the Second, Fourth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief, including

preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims because they are so related that they form part of the same case or controversy.

4. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Specifically, numerous members of Plaintiff NAGR reside in the Central District, where they must bear the burdens and damages inflicted by Defendant Bonta, and possess firearms that Defendant Bonta's actions have placed at risk of theft by criminals. Moreover, we note that the State of California's Code of Civil Procedure permits actions to be filed were the Attorney General and the California Department of Justice maintain an office, *see* Cal. Civ. Proc. Code § 401(1), as they do in the Central District.

5. The Court has personal jurisdiction over Defendant because Defendant, as the Attorney General of the State of California, is within the State of California.

**PARTIES**

6. Plaintiff NAGR is a non-stock, non-profit corporation incorporated under the laws of the Commonwealth of Virginia and has its principal place of business in Loveland, Colorado. NAGR is a grassroots organization whose mission is to defend the right to keep and bear arms under the Second Amendment and advance the constitutional right by educating the American people and urging them to action in public policy. NAGR has members whose personal data was compromised as a result of the 2022 Firearms Dashboard Portal.

7. Plaintiff Ronald Givens is a resident of Sacramento County. He is a professional firearms instructor. His personal records were publicly disclosed by the California Office of the Attorney General in the June 27, 2022 data breach. As a result

1 of the Attorney General's disclosure, Mr. Givens is concerned for his safety and the security of the firearms in his home, as well as the negative attention or retaliation the disclosure may draw from members of the public who are hostile to gun owners.

8. Defendant Robert Bonta is the State of California's Attorney General. In that capacity, he is the state's chief law enforcement officer and Article V, section 13, of the California Constitution imposes on him the duty to enforce the state's laws. As Attorney General, Defendant Bonta leads the California Department of Justice ("Department") and is responsible for the actions of the DOJ. Plaintiffs are suing Defendant Bonta in his official capacity.

9. At this time, Plaintiffs do not know the true names or capacities of defendant DOES 1-25, but will amend this Complaint when they are identified. Plaintiffs allege that Bonta and DOES 1-25, and each of them, are and acted as the agents of each other with respect to the actions alleged herein.

## STATEMENT OF FACTS

### The 2022 Firearms Dashboard Portal

10. On Thursday, June 23, 2022, the United States Supreme Court decision in *New York State Rifle & Pistol Association v. Bruen* struck down a New York gun law that placed restrictions on the concealed carry of guns.

11. That same day, Attorney General Bonta released a statement following the decision that his office and the Governor of California were working with the legislature to advance new gun legislation.

12. Four days later, on Monday, June 27, 2022, the Department launched the "2022 Firearms Dashboard Portal."

13. In a press release, entitled "Attorney General Bonta Releases New Firearms Data to Increase Transparency and Information Sharing," Attorney General Bonta was quoted as saying, "One of my continued priorities is to better provide information needed to help advance efforts that strengthen California's commonsense gun laws. Today's announcement puts power and information into the hands of our

communities by helping them better understand the role and potential dangers of firearms within our state."

14. The press release emphasized the mission of the portal by professing that "[w]ith today's announcement, Attorney General Bonta is improving accessibility and functionality of the existing firearms database with expanded information in a comprehensive data dashboard" and by "[i]mproving transparency by expanding gun violence-related data the California Department of Justice releases to researchers."

15. Further, "[t]he dashboard also provides links to a variety of supplemental resources such as reports, applications, legal information . . . The release of the expanded data and information continues Attorney General Bonta's commitment to make the data more accessible to the public."

16. The dashboard included data from the past decade on the following subjects: Dealer Record of Sales, Gun Violence Restraining Orders, Carry Concealed Weapons Permits, Firearms Safety Certificates, Assault Weapons, and Roster of Certified Handguns.

*Release of Californian Gun Owners' Sensitive Personal Information*

17. The 2022 Firearms Dashboard Portal included sensitive personal information, including the California resident's full name, gender, date of birth, race, home address, driver's license number, permit issue date, and criminal history.

18. The information was available on a publicly accessible spreadsheet for approximately 24 hours until the Department shut down the website on Tuesday, June 28, 2022.

19. Visitors to the Firearm Dashboard Portal could download and store this sensitive personal information via a button on the website's mapping feature.

20. As a result of the leak, more than half-a-million (591,972) Californians have had their personal information compromised and wrongfully exposed.

21. According to published reports, in Los Angeles county alone, 2,891 individuals with standard licenses had their information leaked including 420 reserve

officer permits, 244 judge permits, sixty-three employment permits, and seven custodial officer permits.

22. Defendant Bonta later indicated that the Department was "investigating an exposure of individuals' personal information connected to the DOJ Firearms Dashboard" and "[a]ny unauthorized release of personal information is unacceptable. We are working swiftly to address this situation and will provide additional information as soon as possible."

23. On Wednesday, June 29, 2022, the Department issued a press release admitting that based on its current investigation, "the incident exposed the personal information of individuals who were granted or denied a concealed and carry weapons (CCW) permit between 2011-2021. . . Additionally, data from the following dashboards were also impacted: Assault Weapon Registry, Handguns Certified for Sale, Dealer Record of Sale, Firearm Safety Certificate, and Gun Violence Restraining Order dashboards."

24. In the same press release, the Department confirmed the data breach in a statement by Attorney General Bonta admitting that "this unauthorized release of personal information is unacceptable." He further commented, "We acknowledge the stress this may cause those individuals whose information was exposed."

25. The press release also indicated that "the Department will notify those individuals whose data was exposed and provide additional information and resources. California law requires a business or state agency to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person."

26. The release provided resources to those whose information was exposed and advised those individuals to "[m]onitor your credit," "[c]onsider placing a free credit freeze on your credit report," "[p]lace a fraud alert on your credit report," and resources if the individuals became "victim[s] of identity theft."

27. According to a June 29, 2022 statement issued by the President of the

California State Sheriff's Association, CSSA President and Butte County Sheriff Kory Honea stated that "It is infuriating that people who have been complying with the law have been put at risk by this breach," and "California's sheriffs are very concerned about this data breach and the risk it poses to California's CCW permit holders."

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Pursuant to Federal Rule of Civil Procedure 23(a), "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4).

   a. <u>Numerosity</u>: The "numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of the NW., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Over half-a-million law-abiding gun owners' information was compromised due to the 2022 Firearms Dashboard Portal. Because the actual number of individual plaintiffs is so voluminous, and because their exact whereabouts have yet to be determined, joining all class members in one lawsuit would be impractical.

   b. <u>Commonality</u>: The commonality requirement requires plaintiffs to show that their claims "depend upon a common contention of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2545 (2011). Each individual whose information was published on the 2022 Firearms Dashboard Portal suffered violations of their privacy, at the federal and state level, and an infringement of their right to bear arms. The resolution of these claims will be dispositive for each and every member of the class.

    c. <u>Typicality</u>: "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted) (superseded by statute on other grounds as stated in *Berger v. Ludwick*, No. C-97-0728-CAL, C-97-2347-CAL, 2000 WL 1262646, at *7 (N.D. Cal. Aug. 17, 2000)). Every member of the class was injured as a result of Attorney General Bonta and the Department's decision to publish their full names, gender, dates of birth, race, home addresses, driver's license numbers, permit issue dates, and criminal history. As a result, each member of the class has an identical injury that is not unique to any one individual.

    d. <u>Adequacy of Representation</u>: Under, *Amchem Products, Inc. v. Windsor*, "[t]he adequacy-of-representation requirement 'tend[s] to merge' with the commonality and typicality criteria of Rule 23(a), which 'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" 521 U.S. 591, 626 n.20 (1997) (citing *General Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)). As described above, the interests of the class will be adequately represented and protected due to the fact that the claims and injuries are identical.

## FIRST CLAIM FOR RELIEF

**The Second Amendment Right to Keep and Bear Arms**

**(U.S. Const., amends. II and XIV; 42 U.S.C. § 1983)**

**(By all Plaintiffs Individually and as a Collective Action Against Defendant)**

29. Plaintiffs and Class Members hereby incorporate by reference and restate

the preceding paragraphs, as if set forth herein.

30. The Second and Fourteenth Amendments to the United States Constitution protect the right of ordinary, law-abiding citizens right to keep and bear arms. *See* U.S. Const., amends. II and XIV; *McDonald v. City of Chicago*, 561 U.S. 742, 750, 778 (2010); *Bruen*, --- S. Ct. ----, No. 20-843, 2022 WL 2251305 *1.

31. The Second Amendment commands that the "right of the people to keep and bear arms shall not be infringed." U.S. Const. amend. II.

32. That right is "elevate[d] above all other interests the right of law-abiding responsible citizens to use arms in the defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Second Amendment protects the right of Californians to keep and bear arms just like every other citizen.

33. California, through Defendant Bonta, collects Californians' sensitive personal data, including information contained in concealed carry permit applications, because those Californians merely seek to exercise their right to keep and bear arms. California maintains that information indefinitely (the released information covered information collected during the last decade).

34. California's collection and maintenance of that data is an infringement upon the right of Californians to exercise their rights to keep and bear arms as protected by the Second Amendment.

35. California's wrongful collection, maintenance, and release of that data has a chilling effect on Californians' exercise of their right to keep and bear arms. The wrongful release of this sensitive personal information, which is protected from unauthorized public release or publication by both California and federal law, has and will have a chilling effect on Californians and their right to keep and bear arms. Californians will be less likely to submit such information to the state in order to exercise their right to keep and bear arms, thus they will face the Hobson's choice of providing such information to California, or not exercising their right to keep and bear arms.

36. As a direct and proximate result of California's wrongful collection, maintenance, and disclosure of this sensitive personal data in order to comply with its onerous and unconstitutional restrictions on the right of Californians to keep and bear arms, the Plaintiffs have been harmed and now legitimately fear for their privacy and physical safety.

37. Plaintiffs and Class Members therefore seek a declaration that California's wrongful collection, maintenance, and disclosure of this sensitive personal data violated the Second and Fourteenth Amendments to the United States Constitution and placed their identity, property, and physical safety at risk, and seek injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to California law.

38. Plaintiffs and Class Members seek all relief permitted under the law, including injunctive or other equitable relief to ensure the Department adequately safeguards their personal information going forward, and attorney fees and costs.

## SECOND CLAIM FOR RELIEF

### The Fourth Amendment Right to Privacy

### (U.S. Const., amend. XIV; 42 U.S.C. § 1983)

**(By all Plaintiffs Individually and as a Collective Action Against Defendant)**

39. Plaintiffs and Class Members hereby incorporate by reference and restate the preceding paragraphs, as if set forth herein.

40. There is a "threat to privacy implicit in the accumulation of vast amounts of personal information in computerized [government] data banks or other massive government files." *Whalen v. Roe*, 429 U.S. 589, 605 (1977). Californians, like all Americans, have an "individual interest in avoiding the [wrongful] disclosure of personal matters." *Id.* at 599.

41. California's wrongful disclosure and publication of the sensitive personal information of the Plaintiffs, and nearly six hundred thousand other Californians similarly situated, including their home addresses and dates of birth, as well as their

status as an owner of a firearm(s), violated their right to privacy under the United States Constitution. *See e.g., Eisenstadt v. Baird*, 405 U.S. 438 (1972); *Griswold v. Connecticut*, 381 U.S. 479 (1965); *Skinner v. Oklahoma*, 316 U.S. 535 (1942).

42. Plaintiffs and Class Members had a reasonable expectation that California would protect their sensitive personal information.

43. Plaintiffs and Class Members only provided that information to California because they wished to exercise their right to keep and bear arms and comply with California law.

44. California represented that the information would only be used for purposes related to compliance with its law and represents to the public that such information is protected and will not be wrongfully published or disclosed. *See* Cal. Civ. Code §§ 1798-1798.78

45. Despite these representations and in violation of its own laws, California wrongfully disclosed the Plaintiffs' sensitive personal information.

46. As a result the Plaintiffs' and Class Members' privacy rights have been violated, their credit profiles are at risk to identity thieves, and their property and physical safety are also at risk.

47. Plaintiffs and Class Members therefore seek a declaration that California's wrongful disclosure of this sensitive personal data violated their privacy rights under the United States Constitution, placed their identity, property, and physical safety at risk, and seek an injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to California law.

48. Plaintiffs and Class Members seek all relief permitted under the law, including injunctive or other equitable relief to ensure the Department adequately safeguards their personal information going forward, and attorney fees and costs.

//

//

Complaint

# THIRD CLAIM FOR RELIEF

## California's Constitutional Right to Privacy

### (Ca. Const., art. 1, § 1)

**(By all Plaintiffs Individually and as a Collective Action Against Defendant)**

49. Plaintiffs and Class Members hereby incorporate by reference and restate the preceding paragraphs, as if set forth herein.

50. Plaintiffs and Class Members had a legally protected privacy interest in their personal information, which included full name, gender, date of birth, race, home address, driver's license number, permit issue date, and criminal history, if any.

51. Plaintiffs and Class Members had a reasonable expectation that the personal information they had submitted to the Department at the Department's direction would remain private and not be disclosed to the public at large.

52. The Department seriously invaded Plaintiffs and Class Members had a legally protected privacy interest when it, upon information and belief, intentionally disclosed to the public at large the personal information of Plaintiffs and the remaining 591,967 Class Members.

53. The Department's serious invasion of Plaintiffs and Class Members' legally protected privacy interest was egregious given the type of personal information exposed, including sensitive and confidential information such as date of birth, race, home address, driver's license number, permit issue date, and criminal history, if any.

54. The public at large had access to this sensitive and confidential information for roughly 24 hours and the ability to download the information.

55. Upon information and belief, the Department intended for the personal information to be released to intimidate Plaintiffs and the remaining 591,967 Class Members — as well as future applicants for concealed carry permits — out of exercising their Second Amendment rights.

56. The timing of the Department's release of the personal information should not be lost: it came just days after the United States Supreme Court found restrictive

concealed carry laws such as California's unconstitutional on June 23, 2022. This was also after Defendant Bonta pledged to help enact more gun laws. And the disclosure occurred in connection with Defendant Bonta's announcement he was publishing more information about gun ownership in California.

57. Plaintiffs and Class members therefore seek a declaration that California's wrongful disclosure of this sensitive personal data violated their privacy rights under the California Constitution, placed their identity, property, and physical safety at risk, and seek an injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to California law.

58. Plaintiffs and Class Members seek all relief permitted under the law, including injunctive or other equitable relief to ensure the Department adequately safeguards their personal information going forward, and attorney fees and costs.

## FOURTH CLAIM FOR RELIEF

### California Information Practices Act of 1977

### (Cal. Civ. Code §§ 1798-1798.78)

**(By all Plaintiffs Individually and as a Collective Action Against Defendant)**

59. Plaintiffs and Class Members hereby incorporate by reference and restate the preceding paragraphs, as if set forth herein.

60. The Information Practices Act ("IPA") "generally imposes limitations on the right of governmental agencies to disclose personal information about an individual." *Bates v. Franchise Tax Bd.* (2004) 124 Cal.App.4th 367, 373 (citations omitted). The IPA "was designed by the Legislature to prevent misuse of the increasing amount of information about citizens which government agencies amass in the course of their multifarious activities, the disclosure of which could be embarrassing or otherwise prejudicial to individuals or organizations." *Anti-Defamation League of B'nai B'rith v. Superior Court* (1998) 67 Cal.App.4th 1072, 1079.

61. "Under the Act, state agencies are required to limit the collection and

retention of personal information to that necessary to accomplish the agency's specific purpose." *Perkey v. Dep't of Motor Vehicles* (1986) 42 Cal.3d 185, 193 (citing Cal. Civil Code § 1798.32). "[A]ll disclosures of personal information are restricted (§ 1798.24), and an accounting of such disclosures must be made, including disclosures pursuant to subpoena or search warrant (§ 1798.25)." *Id.*

62. The Department is a state office, department, division, or agency and is therefore subject to the IPA.

63. Under the IPA the Department has a duty to not disclose personal information in a manner that would link the information disclosed to the individual to whom it pertains.

64. Under the IPA the Department has a duty to prevent Class members' personal information from unauthorized access and exfiltration, theft, or disclosure.

65. Under the IPA the Department has a duty to establish appropriate and reasonable administrative, technical, and physical safeguards to ensure the security and confidentiality of records, and to protect against anticipated threats or hazards to their security or integrity which could result in any injury.

66. Under the IPA the Department has a duty to designate an employee responsible for ensuring the Department complies with the IPA.

67. Inasmuch as the Department contracts for operation and maintenance of the personal information records, the Department has a duty to ensure the IPA's requirements are applied to those records.

68. The Department breached those duties when it disclosed to the public at large the personal information of Plaintiffs and the remaining 591,967 Class Members.

69. As a result of the Department's breaches Plaintiffs and the remaining 591,967 Class Members have suffered adverse effects, including, on information and belief, identify theft, harassment, and reputational harm.

70. Plaintiffs and Class Members therefore seek a declaration that California's excessive and unwarranted collection, maintenance, and wrongful disclosure of this

sensitive personal data violated the IPA, placed their identity, property, and physical safety at risk, and seek an injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to California law.

71. Plaintiffs and Class Members seek all relief permitted under the law, including injunctive or other equitable relief to ensure the Department adequately safeguards their personal information going forward, and attorney fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following:

a. Entry of a judgement declaring that California's collection, maintenance, and/or wrongful disclosure of the Plaintiffs' sensitive personal information in connection with the Plaintiffs' desire to exercise their right to keep and bear arms violated their rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution, California's Constitutional Right to Privacy (Ca. Const., art. 1, § 1), and the California Information Practices Act of 1977 (Cal. Civ. Code §§ 1798-1798.78);

b. An injunction enjoining Defendants from collecting, maintaining, or disclosing Plaintiffs' sensitive personal information in connection with the exercise of the right to keep and bear arms as protected by the Second and Fourteenth Amendments to the United States Constitution;

c. An award for remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, and Cal. Civ. Code §§ 1021.5, 1028, 1029, and 1032; and

d. For such other and further relief as the Court deems just and proper.

//
//
//

14

Complaint

Dated: July 1, 2022  DHILLON LAW GROUP, INC.

By: /s/ Harmeet K. Dhillon
Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
(415) 433-1700

David A. Warrington*
Gary M. Lawkowski*
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
(571) 400-2121

*Admission *pro hac vice* forthcoming

*Attorneys for Plaintiffs*

Complaint

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all claims in this action of all issues so triable.

Date: July 1, 2022                  DHILLON LAW GROUP INC.

By: /s/ Harmeet K. Dhillon
HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700

*Attorneys for Plaintiffs*