1  HARMEET K. DHILLON (SBN: 207873)
   harmeet@dhillonlaw.com
2  MICHAEL A. COLUMBO (SBN: 271283)
3  mcolumbo@dhillonlaw.com
   MARK P. MEUSER (SBN: 231335)
4  mmeuser@dhillonlaw.com
5  DHILLON LAW GROUP INC.
   177 Post Street, Suite 700
6  San Francisco, California 94108
7  Telephone: (415) 433-1700

8
9  DAVID A. WARRINGTON*
   dwarrington@dhillonlaw.com
10 GARY M. LAWKOWSKI*
   glawkowski@dhillonlaw.com
11 DHILLON LAW GROUP INC.
12 2121 Eisenhower Avenue, Suite 402
   Alexandria, VA 22314
13 Telephone: (703) 574-1206
14

15 *Admission *Pro Hac Vice* forthcoming
    *Attorneys for Plaintiffs*
16

17                **UNITED STATES DISTRICT COURT**

18            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
19

| | |
|---|---|
| 20  **NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.,** a non-profit corporation; and Ronald Givens, an individual, | Case Number: 22-cv-4543-GW-PLAx |
| Plaintiffs, | FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| **ROBERT BONTA**, in his official capacity as Attorney General of the State of California, and DOES 1-25, inclusive, | |
| Defendants. | |



First Amended Complaint                              No:22-cv-4543-GW-PLAx

Plaintiffs National Association for Gun Rights, Inc. ("NAGR") and Ronald Givens (jointly, "Plaintiffs"), through their counsel, bring this action against Defendant Robert Bonta, in his official capacity as Attorney General of the State of California. In support of these requests, Plaintiffs state as follows:

## INTRODUCTION

1. On June 27, 2022, Defendant Bonta wrongfully released the sensitive private information, including names, addresses, dates of birth, permit issue date, and criminal history of hundreds of thousands of Californians who are gun owners, concealed carry permit holders, and others whose information was in California's possession because of its firearms laws and regulations. This included victims of domestic violence, judges, and law enforcement officers. This unlawful release of Californians' sensitive private information to the public in violation of California and federal law provide criminals with a road map of who owns a firearm and where those firearms may be located, and information from which those same criminals can infer which homes are not likely defended by armed homeowners. Considering the contentious issue of gun ownership, it also needlessly subjects lawful gun owners to harassment and discrimination.

California's wrongful disclosure of this sensitive private information, which has caused great harm and placed the safety of hundreds of thousands of Californians at risk, is precisely why the state should not maintain any such information on law abiding gun owners. Even assuming for the sake of argument that California's continued possession of some portion of the information that it collected for various purposes could pass Constitutional muster—and it cannot—there is no justification for California continuing to manage all of the information once those purposes have been served. Furthermore, there is no justification for California's keeping this sensitive information in a manner that—whether as a result of deliberate, reckless, or negligent conduct by the State, its representatives, or contractors—does not adequately ensure that third parties will not gain access to it. Further, the possession of this information and its

release is an infringement on the right to keep and bear arms as protected by the Second and Fourteenth Amendments to the United States Constitution and is unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- S. Ct. ----, No. 20-843, 2022 WL 2251305 (June 23, 2022).

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the Second, Fourth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

3. Venue is proper in the U.S. District Court, Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject to the action is situated. Specifically, numerous members of Plaintiff NAGR reside in the Central District, where they must bear the burdens and damages inflicted by Defendant Bonta, and possess firearms that Defendant Bonta's actions have placed at risk of theft by criminals. Moreover, we note that the State of California's Code of Civil Procedure permits actions to be filed where the Attorney General and the California Department of Justice maintain an office, *see* Cal. Civ. Proc. Code § 401(1), as they do in the Central District.

4. The Court has personal jurisdiction over Defendant because Defendant, as the Attorney General of the State of California, is within the State of California.

## PARTIES

5. Plaintiff NAGR is a non-stock, non-profit corporation incorporated under the laws of the Commonwealth of Virginia and has its principal place of business in Loveland, Colorado. NAGR is a grassroots organization whose mission is to defend the right to keep and bear arms under the Second Amendment and advance this

constitutional right by educating the American people and urging them to take action in public policy. NAGR has members whose personal data was compromised as a result of the 2022 Firearms Dashboard Portal.

6. Plaintiff Ronald Givens is a resident of Sacramento County. He is a professional firearms instructor. His personal records were publicly disclosed by the California Office of the Attorney General in the June 27, 2022 data breach. As a result of the Attorney General's disclosure, Mr. Givens is concerned for his safety and the security of the firearms in his home, as well as the negative attention or retaliation the disclosure may draw from members of the public who are hostile to gun owners.

7. Defendant Robert Bonta is the State of California's Attorney General. In that capacity, he is the state's chief law enforcement officer and Article V, section 13, of the California Constitution imposes on him the duty to enforce the state's laws. As Attorney General, Defendant Bonta leads the California Department of Justice ("Department") and is responsible for the actions of the Department. Plaintiffs are suing Defendant Bonta in his official capacity.

8. At this time, Plaintiffs do not know the true names or capacities of defendant DOES 1-25, but will amend this Complaint when they are identified. Plaintiffs allege that Bonta and DOES 1-25, and each of them, are and acted as the agents of each other with respect to the actions alleged herein.

## STATEMENT OF FACTS
### The 2022 Firearms Dashboard Portal

9. On Thursday, June 23, 2022, the United States Supreme Court decision in *New York State Rifle & Pistol Association v. Bruen* struck down a New York gun law that placed restrictions on the concealed carry of guns.

10. That same day, Attorney General Bonta released a statement following the decision that his office and the Governor of California were working with the legislature to advance new gun legislation.

11. Four days later, on Monday, June 27, 2022, the Department launched the

"2022 Firearms Dashboard Portal."

12. In a press release, entitled "Attorney General Bonta Releases New Firearms Data to Increase Transparency and Information Sharing," Attorney General Bonta was quoted as saying, "One of my continued priorities is to better provide information needed to help advance efforts that strengthen California's commonsense gun laws. Today's announcement puts power and information into the hands of our communities by helping them better understand the role and potential dangers of firearms within our state."

13. The press release emphasized the mission of the portal by professing that "[w]ith today's announcement, Attorney General Bonta is improving accessibility and functionality of the existing firearms database with expanded information in a comprehensive data dashboard" and by "[i]mproving transparency by expanding gun violence-related data the California Department of Justice releases to researchers."

14. Further, "[t]he dashboard also provides links to a variety of supplemental resources such as reports, applications, legal information . . . The release of the expanded data and information continues Attorney General Bonta's commitment to make the data more accessible to the public."

15. The dashboard included data from the past decade on the following subjects: Dealer Record of Sales, Gun Violence Restraining Orders, Carry Concealed Weapons Permits, Firearms Safety Certificates, Assault Weapons, and Roster of Certified Handguns.

*Release of Californian Gun Owners' Sensitive Personal Information*

16. The 2022 Firearms Dashboard Portal included sensitive personal information, including California residents' full name, gender, date of birth, race, home address, driver's license number, permit issue date, and criminal history.

17. The information was available on a publicly accessible spreadsheet for approximately 24 hours until the Department shut down the website on Tuesday, June 28, 2022.

18. Visitors to the Firearm Dashboard Portal could download and store this sensitive personal information via a button on the website's mapping feature.

19. As a result of the leak, more than two hundred thousand Californians have had their personal information compromised and wrongfully exposed.

20. According to published reports, in Los Angeles county alone, 2,891 individuals with standard licenses had their information leaked including 420 reserve officer permits, 244 judge permits, sixty-three employment permits, and seven custodial officer permits.

21. Defendant Bonta later indicated that the Department was "investigating an exposure of individuals' personal information connected to the DOJ Firearms Dashboard" and "[a]ny unauthorized release of personal information is unacceptable. We are working swiftly to address this situation and will provide additional information as soon as possible."

22. On Wednesday, June 29, 2022, the Department issued a press release admitting that based on its current investigation, "the incident exposed the personal information of individuals who were granted or denied a concealed and carry weapons (CCW) permit between 2011-2021. . . Additionally, data from the following dashboards were also impacted: Assault Weapon Registry, Handguns Certified for Sale, Dealer Record of Sale, Firearm Safety Certificate, and Gun Violence Restraining Order dashboards."

23. In the same press release, the Department confirmed the data breach in a statement by Attorney General Bonta admitting that "this unauthorized release of personal information is unacceptable." He further commented, "We acknowledge the stress this may cause those individuals whose information was exposed."

24. The press release also indicated that "the Department will notify those individuals whose data was exposed and provide additional information and resources. California law requires a business or state agency to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably

believed to have been acquired, by an unauthorized person."

25. The release provided resources to those whose information was exposed and advised those individuals to "[m]onitor your credit," "[c]onsider placing a free credit freeze on your credit report," "[p]lace a fraud alert on your credit report," and resources if the individuals became "victim[s] of identity theft."

26. According to a June 29, 2022 statement issued by the President of the California State Sheriff's Association, CSSA President and Butte County Sheriff Kory Honea stated that "It is infuriating that people who have been complying with the law have been put at risk by this breach," and "California's sheriffs are very concerned about this data breach and the risk it poses to California's CCW permit holders."

## FIRST CLAIM FOR RELIEF
## The Second Amendment Right to Keep and Bear Arms
## (U.S. Const., amends. II and XIV; 42 U.S.C. § 1983)
## (By all Plaintiffs Individually and as a Collective Action Against Defendant)

27. Plaintiffs hereby incorporate by reference and restate the preceding paragraphs, as if set forth herein.

28. The Second and Fourteenth Amendments to the United States Constitution protect the right of ordinary, law-abiding citizens right to keep and bear arms. *See* U.S. Const., amends. II and XIV; *McDonald v. City of Chicago*, 561 U.S. 742, 750, 778 (2010); *Bruen*, --- S. Ct. ----, No. 20-843, 2022 WL 2251305 *1.

29. The Second Amendment commands that the "right of the people to keep and bear arms shall not be infringed." U.S. Const. amend. II.

30. That right is "elevate[d] above all other interests the right of law-abiding responsible citizens to use arms in the defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Second Amendment protects the right of Californians to keep and bear arms just like every other citizen.

//

31. California, through Defendant Bonta, collects Californians' sensitive personal data, including information contained in concealed carry permit applications, because those Californians merely seek to exercise their right to keep and bear arms. California maintains that information indefinitely (the released information covered information collected during the last decade).

32. California's collection and maintenance of that data—or, alternatively, each separate item thereof—is an infringement upon the right of Californians to exercise their rights to keep and bear arms as protected by the Second Amendment.

33. California's wrongful collection, maintenance, and release of that data—or, alternatively, each separate item thereof—has a chilling effect on Californians' exercise of their right to keep and bear arms. The wrongful release of this sensitive personal information, which is protected from unauthorized public release or publication by both California and federal law, has and will have a chilling effect on Californians and their right to keep and bear arms. Californians will face the Hobson's choice of providing such information to California, which has a history of disclosing the public's confidential information, or not exercising their right to keep and bear arms.

34. As a direct and proximate result of California's wrongful collection, maintenance, and disclosure of this sensitive personal data—or, alternatively, each separate item thereof—in order to comply with its onerous and unconstitutional restrictions on the right of Californians to keep and bear arms, the Plaintiffs have been harmed and now legitimately fear for their privacy and physical safety.

35. Plaintiffs therefore seek a declaration that California's wrongful collection, maintenance, and disclosure of this sensitive personal data—or, alternatively, each separate item thereof—violated the Second and Fourteenth Amendments to the United States Constitution and placed their identity, property, and physical safety at risk, and seek injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information in connection with any regulation of firearms pursuant to

1 California law.

2     36.    Plaintiffs seek all relief permitted under the law, including injunctive or
3 other equitable relief to ensure the Department adequately safeguards their personal
4 information going forward, and attorney fees and costs.

5 <center>**SECOND CLAIM FOR RELIEF**</center>
6 <center>**The Fourth Amendment Right to Privacy**</center>
7 <center>**(U.S. Const., amend. XIV; 42 U.S.C. § 1983)**</center>
8 <center>**(By all Plaintiffs Individually and as a Collective Action Against Defendant)**</center>

9     37.    Plaintiffs hereby incorporate by reference and restate the preceding
10 paragraphs, as if set forth herein.

11     38.    There is a "threat to privacy implicit in the accumulation of vast amounts
12 of personal information in computerized [government] data banks or other massive
13 government files." *Whalen v. Roe*, 429 U.S. 589, 605 (1977). Californians, like all
14 Americans, have an "individual interest in avoiding the [wrongful] disclosure of
15 personal matters." *Id*. at 599.

16     39.    California's wrongful disclosure and publication of the sensitive personal
17 information of the Plaintiffs, and over two hundred thousand other Californians
18 similarly situated, including their home addresses and dates of birth, as well as their
19 status as an owner of a firearm(s), violated their right to privacy under the United States
20 Constitution. *See e.g., Eisenstadt v. Baird*, 405 U.S. 438 (1972); *Griswold v.*
21 *Connecticut*, 381 U.S. 479 (1965); *Skinner v. Oklahoma*, 316 U.S. 535 (1942).

22     40.    Plaintiffs had a reasonable expectation that California would protect their
23 sensitive personal information.

24     41.    Plaintiffs only provided that information to California because they wished
25 to exercise their right to keep and bear arms and comply with California law.

26     42.    California represented that the information would only be used for
27 purposes related to compliance with its law and represents to the public that such
28 information is protected and will not be wrongfully published or disclosed. *See* Cal.

Civ. Code §§ 1798-1798.78.

43. Despite these representations and in violation of its own laws, California wrongfully disclosed the Plaintiffs' sensitive personal information.

44. As a result the Plaintiffs' privacy rights have been violated, their credit profiles are at risk to identity thieves, and their property and physical safety are also at risk.

45. Plaintiffs therefore seek a declaration that California's wrongful disclosure of this sensitive personal data violated their privacy rights under the United States Constitution, placed their identity, property, and physical safety at risk, and seek an injunction prohibiting California from collecting, maintaining or disclosing such sensitive personal information—or, alternatively, each separate item thereof—in connection with any regulation of firearms pursuant to California law.

46. Plaintiffs seek all relief permitted under the law, including injunctive or other equitable relief to ensure the Department adequately safeguards their personal information going forward, and attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

a. Entry of a judgement declaring that California's collection, maintenance, and/or wrongful disclosure of the Plaintiffs' sensitive personal information in connection with the Plaintiffs' desire to exercise their right to keep and bear arms violated their rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution;

b. An injunction enjoining Defendants from collecting, maintaining, or disclosing Plaintiffs' sensitive personal information in connection with the exercise of the right to keep and bear arms as protected by the Second and Fourteenth Amendments to the United States Constitution;

c. An award for remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988;

and

d.  For such other and further relief as the Court deems just and proper.

Dated: August 24, 2022					DHILLON LAW GROUP, INC.

By: _/s/ Michael A. Columbo_____
Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
(415) 433-1700

David A. Warrington*
Gary M. Lawkowski*
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
(571) 400-2121

*Admission *pro hac vice* forthcoming

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system on August 25, 2022.

                                        By: /s/ Michael A. Columbo
                                               Michael A. Columbo